[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10040

_____

D.C. Docket No. 3:14-cv-01524-HES-JRK

VALERIE THOMPSON,

Plaintiff-Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF THE NAVY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 29, 2019)

Before ED CARNES, Chief Judge, ANDERSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Valerie Thompson is a former Naval Criminal Investigative Service special

agent who chose to retire instead of accepting an involuntary transfer that would

have forced her to relocate from Florida to Maryland.  She brought an action against the NCIS under the Age Discrimination in Employment Act, which provides that all personnel actions affecting federal employees over 40 years of age "shall be made free from any discrimination based on age."  29 U.S.C. § 633a(a).  She alleged that her transfer was part of an effort to pressure special agents to retire because of budgetary concerns.  After a five-day bench trial the district court made detailed factual findings, including that the decision to transfer Thompson was motivated not by age or retirement eligibility but by overstaffing in the Southeast Field Office (the SEFO) and by changes in the NCIS' mobility policy that were implemented to improve mission effectiveness.

In its extensive 32-page order detailing its factual findings, the district court explicitly rejected Thompson's theory that the forced transfers were a tactic to pressure special agents to retire, instead finding that "there was no requirement to downsize NCIS manpower to meet budget demands."  The court did not credit the testimony of Thompson's witnesses because their information came from office "buzz" and the "rumor mill."  It also determined that Thompson herself was not credible because of significant inconsistencies in her testimony.  The court did credit the testimony of the decisionmakers for the relevant NCIS transfer cycle — Assistant Director for Human Resources Andy Hogan and NCIS Deputy Director Mark Ridley — because their testimony "was clear, consistent, and without

2

contradiction."  It also found that Thompson had not "produced any contemporaneous evidence that Ridley or Hogan expressed discriminatory intent." As a result, the court found that Thompson's transfer was motivated by the need to move agents out of the SEFO and by its policy of prioritizing transfers for agents who had been at their duty stations longest.  Those findings all supported the court's ultimate finding that Thompson had "failed to show that her age was a factor" in the NCIS' decision to transfer her — there was no intentional discrimination.

"Because a finding [about] intentional discrimination is a finding of fact, the standard governing appellate review of a district court's finding of discrimination is that set forth in Federal Rule of Civil Procedure 52(a)."  Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985).  Factual findings "must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility."  Fed. R. Civ. P. 52(a)(6). We cannot set aside a district court's factual finding as clearly erroneous if "the district court's account of the evidence is plausible in light of the record viewed in its entirety" — even if we "would have weighed the evidence differently." Anderson, 470 U.S. at 573–74.

The burden on a plaintiff to show that the district court clearly erred in finding that a decision was not motivated by discrimination is even heavier where,

as here, the court's finding is based on credibility determinations. The reason is that "only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." Id. at 575.

Thompson has not met her heavy burden. The finding that Thompson's transfer was not motivated by age is amply supported by the evidence in the record. It details the NCIS' efforts to address overstaffing at the SEFO and documents the implementation of its new mobility policy that the NCIS believed would increase mission effectiveness by creating a more nimble workforce. The NCIS made extensive efforts to evaluate the staffing needs at the SEFO through a Staff Assistance Visit and advertised the changes to its mobility policy through town halls months before Thompson's transfer. We cannot say that the district court's finding about the motivation for transferring her was not "plausible in light of the record viewed in its entirety." Id. at 574. As a result, we cannot say that Thompson's transfer ran afoul of § 633a's mandate that personnel actions affecting federal employees over 40 years old "shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a).[1]

---

[1] Thompson raises a number of other issues, but we have no occasion to reach them in light of our decision to affirm the district court's dispositive finding that age was not a factor in the transfer decision. First, Thompson contends that the district court erred in finding that her transfer was not an adverse employment action. But even if we assumed that it was an adverse employment action, she cannot prevail without also showing that it was motivated by age discrimination. Second, Thompson contends that we should adopt the more lenient standard of

**AFFIRMED.**

---

causation for § 633a claims articulated by the D.C. Circuit in Ford v. Mabus, 629 F.3d 198 (D.C. Cir. 2010). That case held that a § 633a plaintiff can prevail by showing that age discrimination played any role in a personnel action, and is not required to show that it was a "but for" cause. Id. at 206. That difference makes no difference in view of the district court's finding that discrimination played no part at all in the decision to transfer Thompson. It is clear that the decision was made "free from any discrimination based on age" regardless of what standard is applied. 29 U.S.C. § 633a.

5